# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Wallace E. Clifton, | ) | |
| | ) | |
| Plaintiff, | ) | No. 9:17-cv-02920-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Patricia B. Allen, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on plaintiff Wallace E. Clifton's ("Clifton") motion to remand, ECF No. 5. For the reasons set forth below, the court grants Clifton's motion.

## I. BACKGROUND

On or about December 28, 2015, Clifton and Patricia B. Allen ("Allen") were traveling in different cars on Highway U.S. 278 in Hampton County, South Carolina. As Allen was stopping for a red light, her foot slipped from the brake peddle to the accelerator, causing her to rear end the back of Clifton's car, resulting in injuries to Clifton and property damages to the car. On September 6, 2017, Clifton filed a negligence action against Allen in the Hampton County Court of Common Pleas. Clifton's complaint also alleges that Allen's conduct was careless, reckless, willful, wanton and grossly negligent. ECF No. 1-1 ¶ 5. Clifton asks for actual damages relating to the injuries to person and vehicle, as well as punitive damages for the great pain, humiliation, mental anguish and loss of consortium suffered. Id. ¶ 6. Allen removed the case on October 30, 2017. On November 1, 2017, Clifton filed a motion to remand, ECF No. 5, as well as a stipulation of amount in controversy, ECF No. 5–

1

1.  Allen filed her response on November 8, 2017, ECF No. 6, and Clifton filed his reply on November 15, 2017, ECF No. 7.  This matter has been fully briefed and is now ripe of the court's review.

## II. STANDARD

As the party seeking to invoke the court's jurisdiction after removing a case from state court to federal court, the defendant has the burden of proving jurisdiction upon a plaintiff's motion to remand.  Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (citing Mulcahy v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)); see Caterpillar Inc. v. Lewis, 519 U.S. 61, 73 (1996) (stating that the party seeking to remove a case from state court to federal court bears the burden of demonstrating that jurisdiction is proper at the time the petition for removal is filed). In deciding a motion to remand, the federal court should construe removal jurisdiction strictly in favor of state court jurisdiction.  Id.  "If federal jurisdiction is doubtful, a remand is necessary."  Mulcahy, 29 F.3d at 151 (citations omitted), Pohto v. Allstate Ins. Co., No. 10-2654, 2011 WL 2670000, at *1 (D.S.C. July 7, 2011) ("Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court.").

## III. DISCUSSION

Clifton requests that the court remand the case to the Hampton County Court of Common Pleas based on the grounds that the amount-in-controversy does not exceed $75,000.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

defendants, to the district court of the United States." 28 U.S.C. § 1441(a). Under 28 U.S.C. §1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between [] citizens of different States." 28 U.S.C. § 1332(a). In moving to remand the case to the state court, Clifton argues that this court lacks jurisdiction because the matter in controversy does not meet the $75,000 requirement.

Courts generally determine the amount-in-controversy by examining the complaint at the time of commencement of the state court action and at the time of removal. JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010); Brown v. VSC Fire & Sec., Inc., 2016 WL 1600126, at *2 (D.S.C. Apr. 20, 2016). Clifton's complaint brings a cause of action for negligence. It also alleges carelessness, recklessness, willfulness, wantonness and grossly negligent conduct of Allen. ECF No. 1-1 ¶ 5. For these claims, he requests actual and punitive damages, but does not specify an amount. Id. ¶ 6. These would possibly amount to more than $75,000; however, Clifton stipulates that the total amount-in-controversy of his claims is no more than $75,000. ECF No. 5–1 at ¶¶ 1. Allen argues that Clifton's stipulation only seeks to limit the amount received post-verdict, and not the amount sought during the trial. ECF No. 6 at 3. However, Clifton has clarified the stipulation, claiming that the entire amount being sought in this lawsuit does not and will not exceed the sum of $75,000. ECF No. 7 at 4. He further stipulates that he will never seek to recover anything above this amount, and that should a jury return a verdict exceeding this sum, he will consent to limit the amount of recoverable damages to no more than $75,000. Id.

"The Fourth Circuit has not adopted a rule regarding the burden of proof on the removing party for establishing the amount in controversy." Carter v. Bridgestone Americas, Inc., 2013 WL 3946233, at *1–2 (D.S.C. July 31, 2013), citing Rota v. Consolidation Coal Co., 1999 WL 183873, at *1 n. 4 (4th Cir. Apr. 5, 1999) (expressly declining to adopt any particular standard of proof for determining the amount in controversy). Regardless, "courts within the District of South Carolina have leaned towards requiring defendants in this position to show either to a 'legal certainty' or at least within a 'reasonable probability' that the amount in controversy has been satisfied." Id., quoting Brooks v. GAF Materials Corp., 532 F.Supp. 2d 779, 781–82 (D.S.C. 2008). Generally, "'[e]vents occurring subsequent' to the filing of the complaint 'which reduce the amount recoverable below the statutory limit do not oust jurisdiction.'" JTH Tax, Inc., 624 F.3d at 638, quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938).

Allen argues that a post-removal amendment of the complaint which reduces the amount of damages requested by the complaint below the amount in controversy required by 28 U.S.C. § 1332(a) does not defeat diversity. However, "various jurisdictions have found that a post-removal stipulation that damages will not exceed the jurisdictional minimum can be considered as a clarification of an ambiguous complaint, rather than a post-removal amendment of the plaintiff's complaint." Carter 2013 WL 3946233, at *1–2; see, e.g., Ferguson v. Wal–Mart Stores, Inc., 1994 WL 653479, at *2 (D.S.C. Nov. 15, 1994) (remanding case when the plaintiff alleged an unspecified amount of damages and then filed a post-removal stipulation clarifying that the amount of damages sought was below the jurisdictional amount); Gwyn v.

Wal–Mart Stores, Inc., 955 F.Supp. 44, 46 (M.D.N.C. 1997) (when presented with indeterminate claims, "the court may consider a stipulation filed by the plaintiff that the claim does not exceed" the jurisdictional amount). Generally, the jurisdictional requirement for diversity must be met at both the time the action is commenced and at the time of removal. Sayers v. Sears, Roebuck and Co., 732 F.Supp. 654, 656 (W.D.Va.1990); Griffin v. Holmes, 843 F. Supp. 81, 87 (E.D.N.C.1993). But this use of clarification can be seen as permitted, rather than forbidden by St. Paul. Walker v. Poland, 2009 WL 5195762, *1–2 (D.S.C. Dec. 22, 2009); Tommie v. Orkin, Inc., 2009 WL 2148101, *1–2 (D.S.C. July 15, 2009).

Here, the original complaint is ambiguous about whether the amount-in-controversy for the additional causes of action is enough to surpass the $75,000 limit. Because of these ambiguous and indeterminate claims, the court is able to consider Clifton's stipulations that the controversy does not exceed $75,000 and that he will not accept anything beyond this amount.

Thus, the court remands the case to state court because the complaint does not meet the $75,000 amount-in-controversy requirement.

**AND IT IS SO ORDERED.**

                                          **DAVID C. NORTON**
                                          **UNITED STATES DISTRICT JUDGE**

**June 22, 2018**
**Charleston, South Carolina**